**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ASHLEY EDWARDS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case: 1:23-cv-03093** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **INTERIOR DEFINE, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | **Jury Trial Demanded** |
| | ) | |

**COMPLAINT**

Plaintiff, Ashley Edwards ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Interior Define, Inc. ("Defendant"), and in support states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1. This lawsuit arises under the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5 *et seq.*, ("Title VII") seeking redress for Defendant subjecting Plaintiff to sexual harassment, Defendant's discrimination on the basis of Plaintiff's sex, and Defendant's retaliation against Plaintiff for engaging in protected activity under the Title VII.

**JURISDICTION AND VENUE**

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331. This action is authorized and instituted pursuant to the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5 *et seq.*

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's

claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction under § 706 of Title VII, *42 U.S.C. §2000e-5*, have occurred or been complied with.

5. A charge of employment discrimination on basis of sex, sexual harassment, and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") and Illinois Department of Human Rights ("IDHR"). (Attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

7. At all times material to the allegations of this Complaint, Plaintiff, Ashley Edwards, resides in Mecklenburg County in the State of North Carolina.

8. At all times material to the allegations in this Complaint, Defendant, Interior Define, Inc., is a corporation doing business in and for Cook County whose address is 833 W. Armitage Ave., Chicago, Illinois 60614.

9. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C § 2000e(f).

10. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## BACKGROUND FACTS

11.     Plaintiff worked for Defendant as a General Manager of a custom furniture manufacture/showroom in or about October 2021.

12.     Plaintiff made $70,000 annual salary plus bonuses.

13.     Bonuses were about $6k to $8k a month, not including the $70k base salary.

14.     Since at least March 14, 2022 through April 15, 2022, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within her protected class and has been subjected to a hostile work environment on the basis of sex, violating Title VII.

15.     Plaintiff is female and is a member of a protected class because of her sex whom Defendant subjected to different terms and conditions of employment than others not within her protected class.

16.     As part of her job duties had to travel for a work event, March 16-18, 2022. On or about March 16, 2022, Plaintiff's co-worker, female, made comments about Plaintiff's physical appearance and how she looked in her outfit.

17.     Plaintiff felt uncomfortable by the comments but disregarded them at the time.

18.     On or about March 18, 2022, the same co-worker at the work function pressured and propositioned Plaintiff to have sex with her.

19.     Plaintiff rejected the coworker's sexual advances immediately and reported the incidents to her Regional Manager.

20.     The Regional Manager stated to Plaintiff that everyone was drinking and not to think anything of it and to stop creating drama.

21.     Due to the Regional Manager's response to her complaint, Plaintiff suffered a panic attack and removed herself from her coworkers to the restroom, where Plaintiff broke down in

3

tears in fear that she would be in trouble for reporting the incident.

22. The following day, on March 19, 2022, Regional Manager called Plaintiff regarding the panic attack and to advise that she was doing great, was not in trouble and to not think anything about it.

23. However, no investigation was conducted by Defendant and no remedial measures were taken to address Plaintiff's complaints and concerns.

24. Plaintiff was forced to work in severe discomfort by working alongside her harasser.

25. Therefore, Plaintiff reported the incidents and her complaints to Defendant's Human Resources department.

26. Plaintiff took personal time off to prevent further panic attacks due to working with her harasser.

27. Upon Plaintiff's return on or around April 4, 2022, Plaintiff was informed that her co-worker had been promoted and would be her new direct supervisor.

28. The follow day, on April 5th, 2022, Plaintiff's harasser met with Plaintiff to address concerns about Plaintiff acting different towards her.

29. On or around April 7, 2022, Plaintiff's harasser retaliated against her by making false claims about Plaintiff.

30. Plaintiff felt targeted for reporting the sexual harassment.

31. As a result, Defendant further retaliated against Plaintiff by suspending her for a week off with pay.

32. On or around April 14, 2022, Plaintiff was terminated by Human Resources despite having had no disciplinary actions, write ups and positive reviews.

4

33. Plaintiff was discriminated on the basis of her sex, subjected sexual harassment and retaliation.

34. Plaintiff was humiliated and horrified due to the sexual harassment and retaliation.

35. Plaintiff has and continues to suffer from depression and anxiety as a result of the loss of her job.

36. Plaintiff met or exceed Defendant's performance expectations during the entire duration of her employment.

37. Plaintiff was retaliated against and her employment was ultimately terminated for opposing unlawful discrimination and for exercising her protected rights.

38. Plaintiff reported the sexual harassment to Defendant.

39. Plaintiff was targeted for termination because of her sex and reporting of sexual harassment.

40. Plaintiff suffered multiple adverse employment actions including, but not limited to being suspended and terminated.

41. There is a basis for employer liability for the sexual harassment that Plaintiff was subjected to.

42. Plaintiff can show that she engaged in statutorily protected activity –a necessary component of her retaliation claim- because Plaintiff lodged complaints directly to her manager about the harassment.

## COUNT I
### Violation of Title VII of the Civil Rights Act
### (Sexual Harassment)

43. Plaintiff repeats and re-alleges paragraphs 1-42 as if fully stated herein.

44. By virtue of the conduct alleged herein, Defendant engaged in unlawful

employment practices and subjected Plaintiff to sexual harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

45. Defendant knew or should have known of the harassment.

46. The sexual harassment was severe or pervasive.

47. The sexual harassment was offensive subjectively and objectively.

48. The sexual harassment was unwelcomed.

49. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to Plaintiff's sex, female.

50. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

51. As a direct and proximate result of the sexual harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

**COUNT II**
**Violation of the Title VII of the Civil Rights Act of 1964**
**(Sex-Based Discrimination)**

52. Plaintiff repeats and re-alleges paragraphs 1-42 as if fully stated herein.

53. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based of Plaintiff's sex, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

54. Plaintiff met or exceeded performance expectations.

55. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

56. Defendant suspended and terminated Plaintiff's employment on the basis of

Plaintiff's sex.

57.     Plaintiff is a member of a protected class under the Title VII, due to Plaintiff's sex.

58.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

59.     As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

**COUNT III**
**Violation of Title VII of the Civil Rights Act**
**(Retaliation)**

60.     Plaintiff repeats and re-alleges paragraphs 1-42 as if fully stated herein.

61.     Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

62.     During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about sexual harassment or sex-based discrimination.

63.     As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

64.     In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of sexual harassment or sex-based discrimination.

65.     Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

66.     Plaintiff's suffered an adverse employment action in retaliation for engaging in protected activity.

67.     By virtue of the foregoing, Defendant retaliated against Plaintiff based on reporting the sexual harassment or sex-based discrimination, thereby violating the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

68.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

69.     As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

**<u>RELIEF REQUESTED</u>**

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a.      Back pay and benefits;

b.      Interest on back pay and benefits;

c.      Front pay and benefits;

d.      Compensatory damages for emotional pain and suffering;

e.      Pre-judgment and post-judgment interest;

f.      Injunctive relief;

g.      Liquidated damages;

h.      Punitive damages;

i.      Reasonable attorney's fees and costs; and

j.      For any other relief this Court may deem just and equitable.

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 17th day of May, 2023.

/s/ *Nathan C. Volheim*
**NATHAN C. VOLHEIM, ESQ.**
IL Bar No.: 6302103
**CHAD W. EISENBACK, ESQ.**
IL Bar No.: 6340657
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
nvolheim@sulaimanlaw.com
ceisenback@sulaimanlaw.com
*Attorneys for Plaintiff*

9